**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORNELE A. OVERSTREET, Regional Director of the Twenty-Eighth Region of the National Labor Relations Board on behalf of the National Labor Relations Board, <br><br> Petitioner - Appellee, <br><br> v. <br><br> GUNDERSON RAIL SERVICES, LLC, doing business as Greenbrier Rail Services, <br><br> Respondent - Appellant. | No. 14-15713 <br><br> D.C. No. 4:14-cv-01323-FRZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted September 8, 2014
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Gunderson Rail Services ("GRS") appeals the district court's grant of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

-1-

preliminary injunction pursuant to Section 10(j), 29 U.S.C. § 160(j), of the National Labor Relations Act, requiring GRS to reopen its Tucson repair facility, reinstate employees, and bargain in good faith with a union on behalf of the employees.  We have jurisdiction over this appeal under 28 U.S.C. §§ 1291, 1292(a)(1).  We review the grant of a preliminary injunction for an abuse of discretion.  *McDermott v. Ampersand Publ'g, LLC*, 593 F.3d 950, 957 (9th Cir. 2010).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Frankl v. HTH Corp.*, 650 F.3d 1334, 1355 (9th Cir. 2011) (applying the preliminary injunction standard in connection with a petition for relief under Section 10(j)).  In considering the balance of equities, a district court has a duty to "balance the interests of all parties and weigh the damage to each."  *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1203 (9th Cir. 1980).

Here the district court abused its discretion in issuing the preliminary injunction.  The district court made both an error of law and a clear error of fact by

failing to give serious consideration to GRS's equities and by improperly weighing the burden on GRS against the burden on the Regional Director of the National Labor Relations Board ("Director"). Specifically, GRS claimed that an order requiring it to reopen the Tucson facility would be disruptive to the employees formerly located at the Tucson facility, because the majority had already accepted relocation options or severance packages. GRS also claimed that an order to reopen would require it to operate a facility that was (and would continue to be) wholly unprofitable due to the loss of its major customer, TTX. GRS's claims were amply supported by the record. Because the district court did not meaningfully evaluate these claims or explain its reasons for concluding that the order would not impose significant financial losses on GRS, the court failed to discharge its burden of fairly weighing the equities of both parties. *See Winter*, 555 U.S. at 20. Further, the district court's conclusion that GRS could reopen and support full-time employees by repairing GRS's own railcars and those of non-TTX customers is unsupported by the record and thus is a clear factual error.

In addition to these errors, the court abused its discretion in determining that the Director's equities outweighed GRS's equities. The district court correctly identified the Director's equities, namely the need "to protect the integrity of the collective bargaining process and to preserve the Board's remedial power," *Frankl*,

-3-

650 F.3d at 1355, but such equities have less weight in this context because they can be vindicated after a final judgment. If it is determined that GRS's November 2012 layoffs and closure of the Tucson facility constitute an unfair labor practice, then an order for reinstatement, back pay, and bargaining regarding the layoffs and effects of the closure may issue following final judgment. These equities are outweighed by the potential economic harm caused by a reopening order under the circumstances of this case. *See, e.g.*, *First Nat'l Maint. Corp. v. NLRB*, 452 U.S. 666, 686 (1981) (holding that an employer has no duty to bargain over a decision to shut down part of its business purely for economic reasons); *Great Chinese Am. Sewing Co. v. NLRB*, 578 F.2d 251, 256 (9th Cir. 1978) (per curiam) (emphasizing the burden of a reopening order when a plant has already been dismantled and its equipment sold).

Because the district court erred in concluding that the balance of equities tipped in favor of the Director, the court abused its discretion in issuing a preliminary injunction requiring reopening of the Tucson facility. The Board has not argued on appeal that, in the absence of an order requiring reopening, it is entitled to preliminary injunctive relief requiring GRS to engage in bargaining with the union regarding issues applicable to employees who were formerly working at the now closed facility. Nor has the Board identified harms that will be caused by

GRS's failure to bargain with the union regarding such employees, and that cannot be remedied after final judgment. Accordingly, the Board is not entitled to a preliminary injunction ordering GRS to bargain with the union. *See L.A. Mem'l Coliseum Comm'n*, 634 F.2d at 1202. The judgment of the district court is reversed, and the preliminary injunction is vacated.

**REVERSED AND VACATED.**

*Overstreet v. Gunderson Rail Services, LLC*, No. 14-15713
HURWITZ, Circuit Judge, with whom BEA, Circuit Judge, joins, concurring:

I concur in the memorandum disposition, but write separately to identify what I find the most compelling reason to vacate the preliminary injunction.

"On a § 10(j) petition, likelihood of success is a function of the probability that the Board will issue an order determining that the unfair labor practices alleged by the Regional Director occurred and that this Court would grant a petition enforcing that order, if such enforcement were sought." *Frankl v. HTH Corp.*, 650 F.3d 1334, 1355 (9th Cir. 2011) (citation omitted).

The district court concluded that the Director was likely to succeed in establishing that GRS's economic justification for closing the Tucson facility was a pretext and that the closure had in fact been motivated by anti-union animus. This case arrived at the district court after an administrative law judge ("ALJ") held a hearing on the merits of the Director's claims, but before the ALJ made findings of fact or conclusions of law. Thus, the district judge made his findings on the basis of the transcript of the administrative hearing. We now have the benefit of the ALJ's findings, and we may take judicial notice of them and treat them as part of the record on appeal. *See Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1186 (9th Cir. 2011); *Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 288 (7th Cir. 2001).

The ALJ found that GRS's economic justification for closing the Tucson facility was not a pretext. We must determine today whether a decision by the Board that the Tucson closing was an unfair labor practice would be enforced by this Court in light of the ALJ's findings. "[A] reviewing court will review more critically the Board's findings of fact if they are contrary to the administrative law judge's factual conclusions." *Penasquitos Vill., Inc. v. NLRB*, 565 F.2d 1074, 1078 (9th Cir. 1977) (citation omitted). This is particularly true where, as here, the ALJ's findings are based on credibility determinations. *See Universal Camera Corp. v NLRB*, 340 U.S. 474, 496-97 (1951).

The linchpin of the reopening order was the district court's conclusion, on the paper record before it, that GRS likely acted out of anti-union animus in closing the Tucson facility. Whatever the merits of the district court's decision when made, it cannot stand in light of the ALJ's findings. I therefore agree that the preliminary injunction should be vacated.